■ TAPPAN MOTEL MANAGEMENT CORP., Appellant, v DAVID GREENBERG et al., as Trustees under the Wills of ALFRED J. ELLISH and Others, Deceased, et al., Respondents.—In an action *inter alia* to recover damages for breach of a convenant of quiet enjoyment, plaintiff appeals from an order of the Supreme Court, Rockland County, entered October 3, 1975, which denied its motion *inter alia* to direct defendants to submit to binding arbitration. Order affirmed, with $50 costs and disbursements jointly to respondents appearing separately and filing separate briefs. Under the circumstances, the subject agreement was clearly a sublease rather than an assignment. Consequently, Special Term properly denied the motion. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.

■ 366 BOMAR Co., Respondent, v SMITH, JACKSON & Co., INC., et al., Defendants, and ADA FINANCIAL SERVICE CORPORATION, Appellant. (And a Third-Party Action.)—In an action on a lease, defendant ADA Financial Service Corporation appeals from an order of the Supreme Court, Nassau County, dated October 7, 1975, which denied its motion to dismiss the third cause of action asserted in the amended complaint. Order affirmed, with $50 costs and disbursements. Appellant's time to answer is extended until 20 days after entry of the order to be made hereon. Appellant seeks dismissal on the ground of *res judicata*. Whether the guarantee was comprehended in the stipulation of dismissal, with prejudice, in the previous action is not ascertainable from the existing stipulation. Such uncertainty precludes application of either the doctrine of *res judicata* or the doctrine of collateral estoppel (cf. *Lawlor v National Screen Serv.*, 349 US 322). Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ GEORGE TROTTA et al., Respondents, v MURIEL STURMAN, as Executrix of HENRY STURMAN, Deceased, Appellant.—In an action to recover damages for false arrest and malicious prosecution, defendant appeals from an order of the Supreme Court, Rockland County, dated August 18, 1975, which denied her motion for summary judgment. Order modified, on the law, by adding to the decretal paragraph thereof, after the word "denied", the following: "except that defendant is granted partial summary judgment as to such part of the single cause of action alleged in the complaint as seeks to recover damages for false arrest." As so modified, order affirmed, without costs or disbursements. No fact issues were presented on this appeal. There is an issue of fact with respect to so much of the single cause of action as seeks to recover damages for malicious prosecution. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.